UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| JORIE WACH, : | Case No. |
| : | |
| Plaintiff, : | |
| : | **VERIFIED COMPLAINT** |
| -against- : | |
| : | |
| JIN MASSAGE THERAPY, : | **Jury Trial Demanded** |
| JINYAN LIU, JOHN DOE, AND : | |
| MARYANN KIRKIAN : | |
| : | |
| Defendants. : | |

------------------------------------------------------------X

Plaintiff Jorie Itsuko Wach ("Plaintiff" or "Plaintiff Wach"), by and through her attorneys, Mizrahi Kroub LLP, as and for her Complaint against Defendant Jin Massage Therapy ("Defendant Company"), co-owner Jinyan Liu ("Defendant Liu"), co-owner John Doe ("Defendant Doe"), building owner and co-applicant for the conditional use permit for Defendant Company Maryann Kirkian ("Defendant Kirkian"), (collectively, with Defendant Liu, Defendant Doe, and Defendant Kirkian, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff was employed by Defendants for a period of nine months and six days, during which she was not lawfully compensated for the wages owed to her.

2.      Plaintiff seeks to recover wages which she was entitled to pursuant to: (i) the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, and 216(b); (ii) New York Labor Law (hereinafter referred to as "NYLL") §§ 190 *et seq.*, 215, 650 *et seq.*, and 663; and (iii) 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142 *et seq.*

3.      Plaintiff also seeks to recover damages for assault and battery committed by Defendants, including physical injuries, emotional distress, pain and suffering, and punitive damages, arising from the intentional and unlawful actions of Defendants on or about May 15,

1

2024.

4.      Since August 13, 2023, and throughout the relevant period, Defendants have maintained a policy and practice of requiring Plaintiff to work seven days a week, 18 hours per day, without providing proper hourly compensation for all hours worked, overtime pay at one and one-half times the regular rate for hours worked over 40 per week, or "spread of hours" compensation.

5.      Plaintiff seeks to recover unpaid minimum wages, overtime compensation, spread of hours compensation, reimbursement for business expenses incurred for the benefit and convenience of Defendants, including liquidated damages, interests, attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiff's federal claims under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's New York State law claims under 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over Defendants because each of them are domiciled within the State of New York.

8.      Venue is proper in the Eastern District of New York because many of the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

9.      Plaintiff is a former employee of Defendants.

10.      Defendant Company is an employer formed under the laws of the state of New York with its principal place of business located at 1 Cutter Mill Rd Suite 4, Great Neck, NY 11021.

11.      Defendant Liu is an individual domiciled in New York, and is co-owner of Defendant Company.

2

12. Defendant John Doe, who goes by the name Michael, is an individual domiciled in New York and is believed to be a co-owner of Defendant Company.

13. Defendant Maryann Kirkian, at all relevant times, owned the building where Defendant Company operated and was a co-applicant for the conditional use permit authorizing Defendant Company's business activities at that location.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendants, as a massage therapist from August 13, 2023, to May 19, 2024.

15. Plaintiff is a certified naturopathic therapist, holds a New York cosmetology license, and possesses certifications from the National Certification Commission for Acupuncture and Oriental Medicine (NCCAOM) in electrotherapy, nutrition, and detoxification.

16. During her employment, Plaintiff performed massage therapy services for Defendants' clients, working approximately 6:00 am to midnight, seven days a week, as required by Defendants.

17. As a condition of her employment, Plaintiff resided at the workplace premises, which allowed her to store personal belongings.

18. Defendants paid Plaintiff a flat rate of $30.00 per hour for massage services, plus tips, regardless of transaction amounts.

19. On an $80.00 transaction, Plaintiff received $30.00, while Defendants kept $50.00.

20. On a $100.00 transaction, Plaintiff similarly received only $30.00 per hour and Defendants kept the remaining amount.

21. Defendants verbally promised Plaintiff a daily income of $250.00 to $300.00, based on an expectation of at least five clients per day.

22. In reality, Plaintiff always served fewer than five clients per day.

3

23.     Approximately fifty percent of Plaintiff's workdays yielded zero clients, resulting in no income, despite being on-call for 18-hours a day, seven days a week.

24.     Plaintiff complained about the lack of pay but her complaints went unanswered.

25.     From December 2023 to January 2024, Defendant Liu traveled to China for 40 days, during which Plaintiff was assigned only one client, severely reducing her earnings.

26.     Upon Liu's return, Plaintiff continued to receive insufficient clients, including many days with no clients.

27.     Despite being on-call for 18 hours a day, Plaintiff never received hourly minimum wages or overtime.

28.     Plaintiff did not receive the "spread of hours" pay of one additional hour at the minimum wage rate for the days in which she worked 10 or more hours, which was every single day of her employment with Defendants.

29.     Defendants failed to provide Plaintiff with a wage notice at the start of her employment, in violation of New York Labor Law (NYLL) § 195(1).

30.     Defendants failed to provide Plaintiff with wage statements at the end of each pay period, in violation of NYLL § 195(3).

31.     Due to the lack of official records, Plaintiff was unaware of the exact breakdown of her earnings throughout her employment.

32.     Defendants required Plaintiff to wear a uniform daily but did not compensate or reimburse her for laundering costs.

**Residency and Supplies Disputes**

33.     Defendants requested Plaintiff move her belongings to storage, initially claiming the room was needed for acupuncture training and later alleging a client discovered Plaintiff's

4

residence at the workplace.

34.    Plaintiff informed Defendants she could not afford storage and had accepted the job partly due to the ability to reside at the workplace.

35.    When Defendants insisted she vacate, Plaintiff demanded compensation for her invested supplies and owed wages, which Defendants refused.

36.    Plaintiff invested thousands of dollars in supplies from e-commerce supplier doTERRA for use in her services at Defendants' business.

**Verbal and Physical Abuse**

37.    Defendant Liu verbally abused Plaintiff weekly throughout her nine-month employment, using derogatory terms such as "stupid" and "crazy" and criticizing her ability to earn money.

38.    Defendant Liu continuously pressured Plaintiff to perform other types of massages and cupping services, both of which Plaintiff refused.

39.    On or about May 5, 2024, Liu demanded Plaintiff vacate the workplace residence but allowed her to continue working.

40.    Plaintiff requested one month to find alternative housing, which Defendants denied.

41.    Together with Plaintiff's complaints about Defendants illegal pay practices and refusal to adhere to Defendant Liu's demands, Defendants retaliated against Plaintiff.

**Incident on May 15, 2024**

42.    On or about May 15, 2024, Plaintiff requested time off to attend to personal matters in Flushing, Queens, specifically to look for housing, informing Liu it would take

5

approximately five hours or more, and that she would return by evening.

43.    Plaintiff left the workplace at approximately 11:00 am.

44.    At 2:00 pm, Defendant Liu attempted to contact Plaintiff by phone regarding a 3:00 pm client.

45.    Plaintiff's phone was on silent, and she did not answer, consistent with her established practice of communicating via text messages.

46.    Plaintiff left the workplace, and Defendant Liu called her more than a dozen times.

47.    When Plaintiff spoke with Defendant Liu, Defendant Liu said to Plaintiff: "I called you since 1:40 pm, now it's 2:10 pm. I have a customer coming at 3:00 pm."

48.    Defendant Liu said: "You don't pick up the phone, I'm very mad. Why didn't you answer my phone?"

49.    Plaintiff said to Defendant Liu: "I worked here for nine months, you know I never pick up the phone. We always communicate with text messages."

50.    Defendant Liu told Plaintiff: "I don't care, you need to pick up my calls."

51.    Plaintiff told Defendant Liu: "I'm sorry, if you need to talk to me, text me. You knew this."

52.    Plaintiff told Defendant Liu that she "rightfully requested a half day off" and that she informed Defendant that she "would come back after sunset."

53.    Defendant Liu attended the 3:00 pm massage and then went to Plaintiff's room at 4:00 pm.

54.    Defendant Liu went to Plaintiff's room yelling at her.

55.    Plaintiff told Defendant Liu, "Don't yell at me, I don't want to fight, you are stronger than me, I am older than you."

56.    Defendant Liu left the room.

57.     Shortly after leaving the room, Defendant Liu stormed back into the room and started repeatedly punching Plaintiff in the head, resulting in physical injuries, pain, and severe emotional distress, including anxiety and mental anguish.

58.     The next day, Plaintiff went to the Village of Great Neck Estates Police Department to report the incident.

59.     The Police called an ambulance and Plaintiff was taken to North Shore Medical Hospital.

60.     As a result of the physical abuse, Defendant Liu was subsequently arrested on May 19, 2024.

61.     The next day, on May 20, 2024, when Defendant Liu got released from jail, Defendant Liu and Defendant Doe showed up at the massage parlor to kick Plaintiff out.

62.     Plaintiff did not have enough time to retrieve all of her belongings.

63.     Plaintiff's belongings remained at the workplace for many months.

64.     The May 2024 assault was not the first instance of abuse; Plaintiff endured weekly verbal abuse from Defendant Liu.

65.     On March 20, 2025, Defendants' counsel arranged for Plaintiff to retrieve her belongings, but Plaintiff found her possessions, including 10-month-old food, in disarray and stored in a black garbage bag.

## AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Minimum Wage Violations: Fair Labor Standards Act)

66.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

67.     The Fair Labor Standards Act (FLSA), 29 U.S.C. § 206, requires employers to pay employees a minimum wage of at least $7.25 per hour for all hours worked.

7

68.    During her employment with Defendants, Plaintiff was not paid the federal minimum wage.

69.    Defendants' failure to pay Plaintiff the federal minimum wage was willful, as they were aware of his work hours and compensation obligations yet failed to provide any payment.

70.    As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid minimum wages in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Overtime Violations: FLSA)**

71.    Plaintiff realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

72.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

73.    At all relevant times, Defendants have and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiff was entitled to overtime.

74.    At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

75.    Plaintiff seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

8

## THIRD CAUSE OF ACTION
### New York Labor Law Minimum Wage

76.     Plaintiff realleges and incorporates by reference all the allegations set forth above.

77.     Title 12 NYCRR § 142-2.1 states that for employees outside of New York City, in the remainder of downstate, "(a) [t]he basic minimum hourly rate shall be . . . $15.00 per hour on and after December 31, 2021;" N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 142-2.

78.     NYLL § 663 provides that, "[i]f any employee is paid by his "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

79.     At all relevant times to this action, Plaintiff was Defendant's employee within the meaning of NYLL §§ 190(2) and § 651(5) and 12 NYCRR § 142-2.14.

80.     At all relevant times to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 190(3) and § 651(6).

81.     At all relevant times to this action, Defendant failed to pay Plaintiff the statutory minimum wage in violation of NYLL § 652 and 12 NYCRR § 142-2.1.

82.     Defendant willfully violated the rights of Plaintiff by failing to pay the wages due and owing for work performed in violation of New York State Labor Law.

83.     Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant their unpaid minimum wages, in an amount to be determined at trial, plus interest, attorneys' fees and costs pursuant to NYLL § 190 et seq., and § 650 et seq.

## FOURTH CAUSE OF ACTION
### New York Labor Law Overtime

84.     Plaintiff realleges and incorporates by reference all the allegations set forth

9

above.

85. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

86. NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil

87. action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

88. Upon information and belief, Plaintiff worked more than 40 hours a week while working for Defendant. Plaintiff worked 18 hours a day, 7 days a week totaling 126 hours a week.

89. At all relevant times to this action, Defendant failed to pay Plaintiff the applicable overtime hourly rate for all hours worked in excess of 40 per work week, in violation of NYLL §650 et seq. and 12 NYCRR § 142-2.2.

90. Defendants' failure to pay wages and overtime compensation to Plaintiff for work performed after the first 40 hours worked in a week was willful.

91. By the foregoing reasons, Defendants have violated NYLL § 663 and 12 NYCRR §142-2.2 and is liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION
### New York Labor Law "Spread Of Hours"

92. Plaintiff realleges and incorporates by reference all the allegations set forth above.

93. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part

10

for any day in which: (a) the spread of hours exceeds 10 hours[.]"

94. Title 12 NYCRR § 142-2.1 states that for employees outside of New York City, in the remainder of downstate, "(a) [t]he basic minimum hourly rate shall be . . . $15.00 per hour on and after December 31, 2021;" N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 142-2.

95. Defendants required that Plaintiff work 18 hours in a day.

96. At all times relevant to this action, Defendant failed to pay Plaintiff the "spread of hours" premium required by 12 NYCRR § 142-2.4.

97. Defendants' failure to pay "spread of hours" compensation for work performed by Plaintiff after 10 hours in day was willful.

98. By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and is liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION
### (NYLL - Notice Requirements)

99. Plaintiff realleges and incorporates by reference all the allegations set forth above.

100. Defendants failed to furnish to Plaintiff at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1)

11

and 12 N.Y.C.C.R. § 146-2.2.

101.    The written notices serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves."   Denying Plaintiff such notice impinged on Plaintiff's interests in not only being paid what is owed, but also in being able to advocate for the receipt of proper pay.

102.    Defendants failed to furnish Plaintiff with notifications of pay rate in the form and at the times directed by the Wage Theft Prevention Act, NYLL § 195(1)(a).

103.    Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiff is entitled to recover from Defendants statutory damages, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

## SEVENTH CAUSE OF ACTION
### (NYLL - Wage Statement Requirements)

104.    Plaintiff realleges and incorporates by reference all the allegations set forth above.

105.    Defendants did not pay Plaintiff with a pay stub containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3. 81.

106.    Additionally, Defendants are required to keep records for six years, which must include accurate records of employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions and/or itemized allowances.

107.    Despite its obligations, Defendants failed to keep records in accordance with 12

12

N.Y.C.C.R. § 146-2.1. 83.

108.    The wage statements serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves." Denying Plaintiffs such notice impinged on Plaintiffs' interests in not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay.

109.    Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, Plaintiff is entitled to recover from Defendants statutory damages, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

**EIGHTH CAUSE OF ACTION**
**Failure To Pay Additional Amounts For**
**Laundering Of Required Uniforms**

110.    Plaintiff realleges and incorporates by reference all the allegations set forth above.

111.    The NYLL and the regulations promulgated thereunder, 12 NYCRR §142-2.5(c), provide that where an employer failed to launder or maintain required uniforms for any employee, he shall pay such employee, weekly and in addition to the minimum wage, the following amount for employees who work more than 30 hours per week: "$18.65 per week on and after December 31, 2021."

112.    Defendants required Plaintiff to wear a uniform during the performance of her employment duties.

113.    In failing to launder the required uniforms and in failing to pay Plaintiff the additional required laundry costs incurred by Plaintiff, Defendants have violated the NYLL and 12 NYCRR §142-2.5.

114.    Defendants' failure to comply with the NYLL caused Plaintiff to suffer loss of

13

wages and interest thereon.

115. Defendants' failure to comply with NYLL was willful.

116. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants the additional sums due to her for laundering of required uniforms, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## NINTH CAUSE OF ACTION
### (New York State Sick Leave)

117. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs as though fully set forth herein.

118. New York State Sick Leave Law ("Sick Leave Law") requires that employers with four or fewer employees and a net income of less than $1 million must provide up to 40 hours of unpaid leave each calendar year.

119. Employees must accrue sick time or leave at a rate no less than one hour for every 30 hours worked.

120. Plaintiff was entitled to unpaid time off. She should have been able to take half a day off of work without being physically attacked by Defendant Liu, but that was not the case.

## TENTH CAUSE OF ACTION
### (Battery – CPLR 215(3))

121. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs as though fully set forth herein.

122. Battery is an unlawful application of force directly or indirectly upon another person or their personal belongings, causing bodily injury or offensive contact.

123. On or about May 15, 2025, at Defendant Company's place of business, Defendant Liu intentionally and without Plaintiff's consent struck Plaintiff in the head,

14

multiple times, with a closed fist, causing harmful and offensive bodily contact.

124. Defendant Liu acted with intent to cause harmful or offensive contact or with intent to cause apprehension of such contact.

125. As a direct and proximate result of Defendant Liu's actions, Plaintiff suffered physical injuries including bruises, pain, and suffering, emotional distress, medical expenses, and loss of earnings.

126. Defendant Liu's battery caused Plaintiff to suffer physical injuries and emotional distress.

127. Defendant Liu's conduct was willful, wanton, and malicious, entitling Plaintiff to punitive damages.

128. This action is timely filed in accordance with CPLR 215(3), which sets forth a one-year statute of limitation for actions to recover damages for personal injuries, including battery.

## ELEVENTH CAUSE OF ACTION
### (Assault)

129. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs as though fully set forth herein.

130. On or about May 15, 2025, at Defendant Company's place of business, Defendant Liu intentionally and without Plaintiff's consent struck Plaintiff in the head, multiple times, with a closed fist, causing harmful and offensive bodily contact, which placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact.

131. Defendant Liu acted with intent to cause such apprehension or with intent to cause harmful or offensive contact.

132. Plaintiff suffered fear, emotional distress, and mental anguish as a result of

15

Defendant Liu's actions.

133.    Defendant Liu's conduct was willful, wanton, and malicious, entitling Plaintiff to punitive damages.

**TWELFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Failure to Pay for Time on Call: FLSA)**

134.    Plaintiff realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

135.    At all relevant times, Plaintiff was a non-exempt employee under the Fair Labor Standards Act ("FLSA").

136.    Pursuant to 29 C.F.R. § 785.17, an employee who is required to remain on call on the employer's premises or so close thereto that the employee cannot use the time effectively for his or her own purposes is working while on call.

137.    During the period of her employment, Plaintiff was required to remain on call for 18 hours a day, from approximately 6:00 a.m. to midnight each day.

138.    While on call, Plaintiff was required to provide massages, which necessitated that Plaintiff remain at the workplace to greet new client.

139.    As a result, the time Plaintiff spent on call constituted hours worked under the FLSA and should have been compensated at the regular rate of pay, with overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 per week.

140.    Defendants failed to compensate Plaintiff for the time spent on call, in violation of the FLSA.

141.    Plaintiff has been damaged in an amount to be determined at trial, but not less than the minimum wage and overtime compensation for all hours worked, including on-call time.

142.    Defendants' failure to pay Plaintiff for on-call time was willful.

16

143.     Plaintiff is also entitled to recover reasonable attorneys' fees and costs incurred in this action.

### THIRTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Retaliation: NYLL § 215)

144.     Plaintiff realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

145.     Plaintiff engaged in protected activity under New York Labor Law § 215 by complaining to Defendants about their illegal pay practices.

146.     Defendants retaliated against Plaintiff for this protected activity by: (i) Directing Plaintiff to find another place to stay; (ii) physically assaulting and battering Plaintiff; and (iii) terminating Plaintiff's employment.

147.     As a direct and proximate result of Defendants' violation of NYLL § 215, Plaintiff suffered damages, including physical injuries, emotional distress, loss of employment, and economic harm, entitling her to compensatory damages, liquidated damages, costs, and reasonable attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.  On the first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

B.  On the second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

C.  On the third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

17

D.  On the fourth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

E.  On the fifth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

F.  On the sixth cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

G.  On the seventh cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

H.  On the eight cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

I.  On the ninth cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

J.  On the tenth cause of action, against Defendants, Plaintiff requests that this Court: Award Plaintiff compensatory damages in an amount to be determined at trial. Award Plaintiff punitive damages for the willful and malicious nature of Defendant's actions.

K.  On the eleventh cause of action, against Defendants, Plaintiff requests that this Court: Award Plaintiff compensatory damages in an amount to be determined at trial. Award Plaintiff punitive damages for the willful and malicious nature of Defendant's actions.

L.  On the twelfth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

M.  On the thirteenth cause of action against Defendants, in an amount to be determined at trial, for compensatory damages, liquidated damages, attorneys' fees and costs;

18

and

N.  Together with such other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated:  May 15, 2025
        New York, New York                    Respectfully submitted,

                                              **MIZRAHI KROUB LLP**

                                              By:    /s/ *David I. Mizrahi*
                                                     David I. Mizrahi

                                              David I. Mizrahi, Esq.
                                              225 Broadway, 39th Floor
                                              New York, NY 10007
                                              Telephone: (212) 595-6200
                                              dmizrahi@mizrahikroub.com
                                              *Attorneys for Plaintiff*

19

**<u>VERIFICATION</u>**

JORIE WACH, being duly sworn, deposes and says:

I am Plaintiff in the above-entitled action.  I have read the foregoing complaint and know the contents thereof.  The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

*Jorie Wach*

_____
Jorie Wach

Dated:  May 15, 2025

20